```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

```
PETER RICE,
                        Plaintiff,
        -vs-                              No. 1:15-CV-00959 (MAT)
                                          DECISION AND ORDER
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                        Defendant.
```
___

## I. Introduction

Represented by counsel, Peter Rice ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II. Procedural History

The record reveals that in March 2010, plaintiff (d/o/b November 2, 1960) applied for DIB, alleging disability beginning August 22, 2005. After his application was denied, plaintiff requested a hearing, which was held before administrative law judge

William Weir ("the ALJ") on January 18, 2012. On May 24, 2012, the ALJ issued an unfavorable decision. The Appeals Council reversed and remanded that decision, ordering the ALJ to conduct a function-by-function assessment of plaintiff's limitations, specifically nonexertional limitations, and to obtain vocational expert ("VE") testimony. Plaintiff appeared and testified at a second hearing on November 8, 2013. On January 22, 2014, the ALJ issued a second unfavorable decision. The Appeals Council denied review of that decision and this timely action followed.

**III. Summary of the Evidence**

The record reveals that plaintiff suffered a work-related back injury in August 2005. Approximately a year later, plaintiff underwent L-1S1 transforaminal interbody fusion surgery, after which he continued to complain of pain. Plaintiff received continuing treatment for back pain in the form of prescription medication, pain management, and intermittent physical therapy. Physical examinations throughout the relevant time period demonstrated decreased ranges of motion ("ROM") of the lumbar spine and limitations in squatting. Treating physician Dr. Andrew Matteliano did not provide a formal functional assessment, but opined in 2008 that plaintiff had a likely permanent lifting limitation of 20 pounds.

**IV.   ALJ's Decision**

In its May 30, 2013 order remanding the case to ALJ Weir for a second decision, the Appeals Council noted that plaintiff's medical records and the consulting examination of Dr. Samuel Balderman indicated various postural limitations. Specifically, the Appeals Council noted that Dr. Balderman found plaintiff could squat only 80 percent of normal and found moderate limitations in bending, lifting, prolonged standing and prolonged sitting due to lumbar spine disease. The Appeals Council also noted Dr. Matteliano's findings which "consistently reference[d] limited forward flexion and decreased [ROM], suggesting the possibility of postural limitations not considered in the residual functional capacity assessment." T. 148. Accordingly, the Appeals Council directed the ALJ to further consider plaintiff's "non-exertional, postural limitations [as] needed." Id.

On remand, the ALJ found that plaintiff met the insured status requirements of the Act through December 31, 2010. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since his alleged onset date, August 22, 2005. At step two, the ALJ found that plaintiff suffered from "degenerative disc disease status post workplace accident and status post lumbar spine surgery," which constituted severe impairments. T. 21. At step three, the ALJ found that plaintiff did not have an impairment

or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b) "with the option to sit or stand hourly, no squatting and stooping less than frequently." T. 21. At step four, the ALJ found that plaintiff was incapable of performing past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, he had acquired work skills from past relevant work that were transferable to other occupations with jobs existing in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff was not disabled.

## V. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

### A.  RFC Finding

Plaintiff argues that the ALJ's RFC finding is unsupported by substantial evidence, contending specifically that the sit/stand option included in the RFC was arbitrary and not supported by competent medical evidence or expert testimony. The Court agrees. At issue when this case was first remanded by the Appeals Council were the nonexertional impairments suggested by the consulting examination of Dr. Balderman and the treatment notes from Dr. Matteliano. As the Appeals Council noted, Dr. Balderman's consulting examination found that plaintiff had "[m]oderate limitation in bending, lifting, prolonged standing and prolonged sitting due to lumbar spine disease." T. 565. Dr. Matteliano's treatment notes consistently referenced limited forward flexion and decreased ROM, suggesting the possibility of postural limitations not considered in the residual functional capacity assessment.

The ALJ's decision, however, merely summarizes the medical record – *in essentially identical summaries to the ALJ's original decision that was remanded* – and goes on to find that plaintiff could perform light work "with the option to sit or stand hourly." T. 21. The ALJ's decision does not explain what evidence supports this particular sit/stand option, and the Court can find no support for such a specific restriction in the record. The ALJ's decision thus once again fails to "provide appropriate rationale with specific references to evidence of record in support of the

assessed limitations." Cruz v. Astrue, 941 F. Supp. 2d 483, 487 (S.D.N.Y. 2013) (citing 20 CFR § 416.945; SSR 96-8p). This case is therefore remanded to the Commissioner with a recommendation that the case be assigned to a different ALJ, in order to "fully comply with the Appeals Council's original order in this case." Perry v. Colvin, 2016 WL 241364, *3 (W.D.N.Y. Jan. 21, 2016).

### B. Credibility

Plaintiff contends that the ALJ improperly assessed his credibility, arguing that the ALJ selectively read the evidence to support a finding that plaintiff was not credible. After a review of the ALJ's decision and the medical record, the Court agrees with plaintiff that the ALJ's credibility finding unduly focused on evidence supporting his finding, while ignoring evidence inconsistent with it. For example, at the hearing the ALJ questioned plaintiff with regard to a single physical therapy note indicating that he could perform a "full deep knee bend" some six years prior to the hearing, but ignored evidence in that same note that plaintiff suffered pain in association with the physical therapy session. See T. 63-64; T. 413 (treatment note that "[l]umbar [ROM] [was] markedly limited due to discomfort during motion testing"). The ALJ also cited various activities of daily living as supporting a finding that plaintiff was not credible, while ignoring evidence in the record indicating that plaintiff was unable to perform these activities on a regular and continuing

basis. See <u>Reinard v. Astrue</u>, 2010 WL 2758571, *8 (W.D.N.Y. July 13, 2010). Accordingly, on remand the ALJ is instructed to reconsider plaintiff's credibility with reference to the appropriate legal standards set forth in the regulations. See 20 C.F.R. § 404.1529; see also SSR 96-7p. On remand the Court recommends to the Commissioner that a different ALJ be assigned to this case.

## VII. Conclusion

For the foregoing reasons, the Commissioner's cross-motion for judgment on the pleadings (Doc. 12) is denied and plaintiff's motion (Doc. 10) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   December 20, 2016
         Rochester, New York.